The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Lorrie L. Dollar. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Act and the employer-employee relationship exists between the parties at all relevant times.
2. The defendant-employer was self-insured, with G.A.B. Business Services as the servicing agent.
3. The plaintiff's average weekly wage was $405.82, which yields a weekly compensation rate of $270.56.
4. The date of the injury giving rise to this claim is August 10, 1992.
5. The plaintiff was out of work on August 10, 1992; August 27, 1992 through September 7, 1992; and October 22, 1992 until the present.
6. The plaintiff's medical expenses related to smoke inhalation were paid by defendant, and plaintiff's disability from smoke inhalation did not extend beyond the seven day waiting period.
7. The parties stipulated the medical records of Cleveland Memorial Hospital; Gaston E.M.S.; Charles G. Davidson, D.C.; Dr. Gary L. Mangum; Dr. Robert S. Jones, Jr.; Dr. Jerry Greenhoot; Dr. J.M. McWhorter; Carolinas Medical Center; and Dr. Daniel Gooding into evidence.
8. The parties stipulated the recorded statement of the plaintiff, consisting of 10 pages, into evidence.
9. The issue for determination is whether the plaintiff sustained a compensable back injury, and if so, to what benefits is he entitled.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the hearing, the plaintiff was a 34 year old male who was employed as a driver and engineer with the City of Cherryville Fire Department.
2. On August 10, 1992, the defendant received a fire call at a cotton mill. Upon arrival at the fire scene, the plaintiff and a coworker, Wendell Poole, entered the warehouse equipped with oxygen masks and tanks to check the warehouse and to direct firefighting efforts inside the warehouse. The interior of the warehouse was filled with heavy smoke.
3. The plaintiff was pulling a fire hose into the building, and when the hose became entangled in the doorway, he pulled to attempt to dislodge it. The plaintiff twisted, lost his footing, and performed a split. The plaintiff sprained his right ankle and felt a sharp pain in his back. However, he continued to work.
4. The plaintiff was eventually overcome by smoke and was transported to Cleveland Memorial Hospital, where he reported slipping and injuring his ankle.
5. The plaintiff saw C.G. Davidson, a Shelby chiropractor. On August 25, 1992, where he was diagnosed with acute lumbosacral strain and right leg sciatica. The plaintiff was referred to Dr. Gary Mangum, and was authorized to remain out of work through September 2, 1992.
6. On August 27, 1992, the plaintiff was seen by orthopedist Dr. Gary Mangum, at which time he diagnosed the plaintiff as having low back pain secondary to lumbosacral strain with referred pain to the right lower extremity. Medication and physical therapy were prescribed, and on September 7, 1992, Dr. Mangum approved the plaintiff for light duty work.
7. On October 10, 1992, the plaintiff saw his family doctor, Dr. Robert S. Jones, Jr., due to continuing back pain. The plaintiff was referred to Dr. Jerry Greenhoot of Charlotte Neurosurgical Associates on October 22, 1992, after an MRI disclosed a herniated disk.
8. On October 28, 1992, Dr. Greenhoot performed a lumbar laminectomy. The plaintiff was initially improved; however, he developed severe leg pain while walking to his mailbox, and a lumbar myelogram and CT scan on November 27, 1992 indicated that a fragment had extruded. Therefore, on December 18, 1992, a second lumbar laminectomy was performed.
9. The plaintiff received sympathetic block injections in April of 1993.
10. On February 14, 1994, Dr. Greenhoot released the plaintiff and rated him as having a 20% permanent partial disability of the spine.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. The plaintiff sustained an injury by accident arising out of and in the course of his employment which was a direct result of a specific traumatic incident of the work assigned to him on August 10, 1992 when he responded to a fire call and injured his back while pulling a fire hose. N.C. GEN. STAT. § 97-2 (6).
2. As a result of the compensable injury, the plaintiff is entitled to temporary total disability compensation at the rate of $270.56 per week, for the periods of August 27, 1992 to September 7, 1992, and from October 22, 1992 until February 14, 1994.
3. As a result of the compensable injury, the plaintiff is entitled to 60 weeks of permanent partial disability compensation at the rate of $270.56 per week.
4. The plaintiff is entitled to payment of medical expenses incurred or to be incurred as a result of the compensable injury of August 10, 1992.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following
AWARD
1. Subject to the attorney's fee hereinafter approved, the defendant shall pay temporary total disability compensation to the plaintiff for the periods of August 27, 1992 to September 7, 1992, and from October 22, 1992 until February 14, 1994. Such compensation has accrued and shall be payable in a lump sum.
2. Subject to the attorney's fee hereinafter approved, defendant shall pay 60 weeks of permanent partial disability compensation to the plaintiff beginning February 15, 1994. Such compensation as has accrued shall be payable to plaintiff in a lump sum.
3. A reasonable attorney's fee of twenty-five percent of the compensation awarded to plaintiff shall be deducted from the sums awarded in paragraphs 1 and 2 above and be paid directly to counsel. Thereafter, every fourth compensation check shall be forwarded directly to counsel.
4. Defendants shall pay medical expenses incurred or to be incurred as a result of the compensable injury.
5. Defendant shall pay the costs.
 S/ ________________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ ________________________ DIANNE C. SELLERS COMMISSIONER
S/ ________________________ THOMAS J. BOLCH COMMISSIONER
CMV/cnp/mj 6/21/95